. HARBOUR ET AL v. RHINEHART.

**Statute of Limitations:** TRUST: CONTRACT. Plaintiffs alleged that they exchanged certain real estate with W., defendant's intestate, for the land in controversy in 1851; that a part of them executed a conveyance therefor soon after the exchange and the remainder in 1857, after they had attained their majority, W. making an agreement in parol to convey at a future time: *Held,*

1. That the statute of limitations would bar plaintiffs' recovery under the express agreement, ten years after their conveyance to W.

2. That if a trust resulted it would be an implied trust, to which the lapse of time would interpose an equitable bar.

*Appeal from Mahaska Circuit Court.*

SATURDAY, OCTOBER 24.

THIS action was commenced June 24, 1872, and by their petition the plaintiffs aver that, in 1851, they were owners in fee of out-lot five, in Oskaloosa; that John White, the defendant's intestate, was then owner of nine acres adjoining Oskaloosa, (describing it,) that· said White desired to exchange his nine acres for out-lot five, and such exchange was made in 1851, whereby White sold his nine acres to plaintiffs, some of whom were then minors; that plaintiffs then executed to White a bond for a deed to out-lot five, and in 1852, they executed a conveyance thereof to White, but some of plaintiffs being then minors, White retained the title to the nine acres, in trust for plaintiffs, agreeing, in parol, to convey the same to plaintiffs at a future time; that in 1857 the plaintiffs, who were minors, having attained their majority, executed a deed to

White for said out-lot five, but White did not then convey the nine acres to plaintiffs, but retained the title in trust for them.

That May 23, 1853, John White laid off said nine acres into lots, blocks, streets and alleys, and has from time to time sold divers of said lots to various purchasers, and received the consideration. The petition then sets out a list of the lots sold, when sold, to whom and the prices; the dates commencing with May 22, 1854, and specifying sales in 1855, '60, '62, '63, and concluding with September 30, 1868. The sales alleged agregate the sum of $11,275. The plaintiffs then aver that the sales were made and the moneys received in trust for them, and that White never accounted for such sales in his life time, and that his administrator has not since his decease, and his estate is liable to them for $18,000, therefor.

They also aver, as a second count, that said nine acres is of the value of $30,000, and they claim that sum against the estate. That they have presented the claim to the administrator, and demanded that he allow one or the other, which he refused. They ask judgment upon only one count.

The defendant demurred, because the petition does not state facts sufficient to constitute a cause of action, and because it states facts which avoid the cause of action; because the claim is barred by the statute of limitations, and because the Circuit Court has no jurisdiction of the action. This demurrer was sustained. The plaintiffs appeal.

*H. B. Hendershott* and *F. M. Davenport*, for appellants.

*John F. Lacey*, for appellee.

COLE, J.—The demurrer was properly sustained, because the claim is barred by the statute of limitations. The plaintiffs' right to the real estate, the nine acres, or to its proceeds rests upon one of two bases. They must claim upon the express agreement by parol to convey to them at a future time; or upon a trust resulting to them by reason of having paid White the consideration for the nine acres, in the conveyance to him of out-lot five. If their claim is asserted upon the basis of the express parol agreement, then it is certainly

barred by the statute of limitations, which limits the time for bringing such actions, even when the agreement is in writing, to ten years. No future time being specified, in which he was to convey, the law annexes the implied promise to do so in a reasonable time; and certainly in a reasonable time after the full conveyance to him by all the plaintiffs of out-lot five, which was in 1857, and twelve years before this action was brought.

If their claim is upon a trust, it is necessarily an implied trust, a trust resulting to them because of the payment by them of the consideration. In other words it is not an express trust, and the authorities are very generally in accord in holding that the statute of limitations, or the equitable bar by lapse of time, in analogy to the statute, will apply to limit and control the right of action in equity, in cases of implied or resulting trust, *Johnson v. Hopkins*, 19 Iowa, 49, and cases there cited; *Newman v. De Lorimer et al.*, Ib., 243, and cases cited; Hill on Trustees, 264 (or p. 406 of 4th Am. Ed.) and cases cited in note 3; and see, directly to the point, *Strimpfler v. Roberts*, 18 Penn. St., 300; *Farnam, Adm'r, v. Brooks*, 9 Pick., 212; *Peters v. Jones*, 35 Iowa, 512. This case is one in which the statute of limitations most aptly applies. The plaintiffs claim title from White; he was in possession when they claim to have purchased and paid the consideration; he never *received* possession *from* them or in their right, he never said a word or did an act, so far as shown by the petition, even tending to *acknowledge* that he held possession *for* them; he laid out the property into lots, blocks, etc., in his own right and thereby repudiated the trust in 1853; the plaintiffs were all adult, and so far as appears must have had full knowledge of all the facts for twelve years, at least, before this suit was commenced; it was twenty-one years, after the alleged trust originated, before bringing this action; the whole claim rests in parol, and the alleged trustee is dead. Surely the plaintiffs' claim as stated in their petition is stale, barren and barred.

AFFIRMED.