BISHOP ET AL. v. KNOWLES ET AL.

1. **Statute of Limitations:** SALE OF REAL ESTATE: FRAUD. Facts considered under which it was held that an action to set aside a sale of real estate under a trust deed was barred by the statute of limitations.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, APRIL 7.

ACTION in equity to quiet title to part of a lot in the city of Burlington, and to cancel a sale thereof under a certain trust deed. There was a demurrer to the petition, which was sustained. Plaintiffs elected to stand upon the petition, and

the court thereupon rendered a judgment against them for costs. Plaintiffs appeal.

*Thomas Hedge, Jr.*, for appellants.

*Hall & Huston*, for appellees.

ROTHROCK, J.—As the cause was disposed of upon demurrer, a statement of the averments of the petition is necessary to a fair understanding of the questions involved. It is unnecessary to set out the petition at length, and we will proceed to give a condensed and succinct statement of its substance, in doing which we find ourselves very much aided by the very clear and fair statement made by counsel for appellees.

Philemon Bishop was the owner of the real estate in controversy. He and his wife Martha occupied the same as a homestead. Without intending to abandon their homestead they moved to Memphis, Tennessee, in June, 1859, intending to remain there temporarily, and then return to their said home.

P. Bishop had previously executed a trust deed upon said property in favor of W. B. Chamberlain, as trustee, to secure a note of $400 to E. Chamberlain, in which trust deed Martha Bishop did not join, and which was, therefore, void.

Subsequently Martha Bishop was fraudulently induced by said E. Chamberlain and D. C. Redding (in whom she had great confidence) to join her husband in a trust deed to Robert Armstrong and E. Knowles, trustees, to secure a note of $100, to E. Chamberlain. The alleged fraud consisted in representations made to said Martha, that said trust deed was to secure the payment of $100 in one year from date, and that she was imposed upon and deceived because she was illiterate and unable at the time to read said deed of trust.

Having the right to lease their homestead she did so, and made arrangements with said Redding to collect the rents, and pay off the $100 trust deed and prevent the sale thereunder, and he agreed with her to do so. But said Redding

and E. Chamberlain were conspiring to cheat and defraud her, and had secretly arranged to apply the rents on the $400 trust deed, in order that the property might be sold under the $100 trust deed.

Relying on the promises of Redding, she and her husband went to Memphis, where he died in 1862, leaving her destitute and in the enemy's lines during the war of the rebellion.

After she left Burlington, by the connivance of E. Chamberlain and Redding, the rents were collected of the tenant to whom the property was leased by Chamberlain, and applied on the $400 trust deed, and on the 26th day of October, 1859, the property was sold under the $100 trust deed to said E. Chamberlain, whose deed was at once recorded, and who with defendants has ever since been in actual possession of said property.

Neither P. Bishop nor the said Martha heard of these transactions, and they continued to reside at Memphis and remained there during the war, and until two years before this suit was brought, which was November 9, 1875. The said Martha wrote frequently to D. C. Redding and others at Burlington, but could get no information concerning the property until two years before the commencement of this suit.

The defendants are devisees of E. Chamberlain, who is now dead, and who had no other claim on said property than the $100 trust deed, which his fraudulent contrivance induced the said Martha to execute, and which Chamberlain fraudulently claimed to have purchased at the trust sale for the full amount of the debt secured by said $100 trust deed, when in truth and fact nearly the whole of said amount had been paid off in the rents of said property. The plaintiffs are the widow and heirs of P. Bishop, and some of them are still under age.

The defendant demurred upon two grounds: 1. There are no equities in the bill. 2. The claim to relief is barred by the statute of limitations.

It does not appear that the trust deed was other or different

from what Martha Bishop supposed it to be when she signed it. The allegation that she was illiterate and could not read is wholly immaterial, because it is not alleged that the instrument she executed was not read over to her, nor that it was different from what she intended to execute. The alleged fraud consisted in the representation that the rents of the property should be applied to the payment of the trust deed which she signed. It appears that she made a lease of the property before she left Burlington, and made Redding her agent to collect the rents, and apply on the $100 trust deed, and that Redding allowed Chamberlain to make the collections and apply the sums collected upon the $400 trust deed. It may, we think, well be questioned whether the fraud and collusion alleged would have been sufficient to maintain an action to set aside the trustee's sale, at least without some further showing that the homestead was not abandoned. It is true it is averred that the removal to Memphis was intended as merely temporary. Whether this intention continued does not appear. It would be rather too violent a presumption, in the absence of allegation, to hold that such intention existed from 1859, the time of the removal, until 1873, a period of fourteen years.

However this may be, we are clear that if the plaintiffs had at any time a cause of action as set forth in the petition, it was at the commencement of the suit barred by the statute of limitations. The property was sold at trustee's sale in October, 1859, and the deed was immediately recorded and possession taken. The right of action if any existed then accrued, and the statute commenced to run. Bishop died three years afterward. The statute had commenced to run against him in his life time, and a right of action existed at once, and, in the absence of an intention to return and occupy the property as a homestead, the rights of the wife are such only as descended to her from her husband. We have, then, an action to cancel the trustee's deed to Chamberlain commenced in 1875, more that sixteen years after the right of

1. STATUTE of limitations: sale of real estate: fraud.

action accrued.    It is averred that the plaintiffs were within
the rebel lines during the war, and that the statute of limita-
tions was arrested, and did not run during that period.    Let
this be admitted.    The war closed as to the State of Tenessee,
by proclamation of the president, on April 2, 1866, and it
commenced not earlier than April 19, 1861, a period of about
five years.    *The Protector*, 13 Wallace, 700.    Now if this
period be deducted, there would still be more than ten years
between the accruing of the cause of action and the com-
mencement thereof.

It is claimed, however, that this is an action for fraud, and
that the case has heretofore been solely cognizable in a court
of chancery, and that there can be no statutory bar until
five years after the discovery of the fraud.    But the deed was
duly recorded immediately after the sale.    The record of the
deed was notice to the world of its contents, and plaintiffs and
their ancestor must be regarded as having had timely and
actual notice of the fraud complained of.    *Gebhard v. Sattler*,
40 Iowa, 152.    If the plaintiffs were not chargeable with con-
structive notice of the deed it is a question, but one which we
need not determine, whether the efforts made to obtain infor-
mation as to the rights of the plaintiffs in the property were
sufficient upon which to base the allegation of ignorance of
the fraud.    We do not understand appellant as claiming that,
if the statute of limitations commenced to run in the lifetime
of P. Bishop, its operation was arrested by his death and
the minority of some of the plaintiffs.    That it would not
cease to run upon his death, see Angell on Limitations,
section 196.    *Darneall v. Adams*, 13 B. Monroe, 273;
*Haynes v. Jones*, 2 Head (Tenn.), 372.

AFFIRMED.