[No. 11908.   Department Two. — May 28, 1887.]

# A. E. HECHT, APPELLANT, *v.* WILLIAM SLANEY ET AL., RESPONDENTS.

HOMESTEAD — ACTION TO ENFORCE TRUST IN — INSOLVENCY — ORDER SETTING APART HOMESTEAD — STATUTE OF LIMITATIONS. — The action was brought by a judgment creditor of an insolvent to establish and enforce a constructive trust as against him in certain land which had been set aside to him in the insolvency proceedings as a homestead, on the ground that the same was not a valid homestead when the order setting it aside was made, and that the court was induced to make the order through the fraudulent representations of the defendant that it was a homestead. The complaint alleged that the plaintiff had no notice of the order, or of the fraud of the defendant until about two years prior to the commencement of the action. *Held,* that the statute of limitations commenced to run against the action from the time of the termination of the insolvency proceedings, and barred the same at the expiration of four years.

ID. — NOTICE OF PUBLIC RECORDS IMPLIED. — *Held further,* that the order setting aside the homestead being a matter of public record in the insolvency proceedings, the plaintiff was charged with notice thereof, and that ignorance of the fraud would not stay the running of the statute.

ID. — IMPLIED TRUST — STATUTE OF LIMITATIONS RUNS AGAINST. — The statute of limitations runs in favor of a defendant chargeable as trustee of an implied trust, and it is not necessary, in order to set the statute in motion, that he should have denied or repudiated the trust. In such a case, the statute begins to run when the wrong complained of is done, and the limitation, under section 343 of the Code of Civil Procedure, is four years.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Graves & O'Melveny,* and *Chapman & Hendrick,* for Appellant.

*H. M. Smith,* and *W. H. Clark,* for Respondents.

BELCHER, C. C. — This is an appeal by the plaintiff from a judgment entered against him, after demurrer sustained to his complaint.

The facts set forth in the complaint may be briefly stated as follows: —

On the seventeenth day of May, 1879, S. W. Levy recovered a judgment in the District Court of the twenty-third judicial district of this state against the defendant, William Slaney, for the sum of $2,296.17, and $32.20 costs.

On the 10th of May, 1884, Levy assigned the judgment to the plaintiff, and no part of it has ever been paid.

On the 24th of July, 1879, Slaney filed a petition in insolvency in the County Court of Los Angeles County, and on the same day an order was made staying all proceedings against him, which order remained in full force till the 28th of February, 1882.

On the 30th of August, 1879, H. M. Mitchell, sheriff of Los Angeles County, was appointed assignee of the estate of Slaney, and received the usual assignment; and he continued to act as such assignee until he was discharged on the 28th of February, 1882.

On the 25th of February, 1879, Slaney was the owner of certain real property in the city of Los Angeles, and filed a declaration of homestead thereon.

On the 17th of September, 1879, he filed a petition in the County Court, where his insolvency proceedings were pending, asking that the property, on which he had filed his declaration of homestead, be exempted and set apart to .him. The petition represented that the property had been duly selected as a homestead, and was exempt from execution; and without any notice of the filing of the petition, or of the time set for the hearing thereof, the property was, by an order of court made on the 24th of January, 1880, set aside to him as a homestead.

It is then alleged that the representations in the petition were false; that the property was then worth at least ten thousand dollars, and was not subject to be claimed as a homestead, because at the time of its selection and up to the time when it was set aside, it was used almost wholly for business purposes.

It is further alleged that the representations were fraudulent and made for the purpose of defrauding his creditors by withdrawing this property from the assignee's hands, and that it really constituted all the assets of the insolvent; that neither the plaintiff nor his assignor had any notice of the order setting aside the property, or of the representations, until the seventh day of May, 1884, and that by reason of the imposition practiced upon the court in procuring the order, he became and now holds the property as a trustee for his creditors, including the plaintiff.

The prayer is, that he be adjudged to hold the property in trust for his creditors, and that it be sold, and the proceeds applied to the payment of the debt of plaintiff and other creditors who may come in.

The defendants, other than Slaney, were made parties to the action, because they claim some interest in or lien upon the property.

The demurrer was upon the grounds:—

1. That the complaint did not state facts sufficient to constitute a cause of action.

2. That Mitchell should have been made a party plaintiff.

3. That the action was barred by sections 336 and 343 of the Code of Civil Procedure.

The action was commenced on the ninth day of April, 1886, more than six years after the homestead was set aside, and more than four years after the insolvency proceedings were terminated. And it was brought to establish and enforce against the defendant a constructive trust.

The plaintiff set forth in his complaint the facts in regard to his judgment, but this was only to show that he was a creditor, and as such entitled, with the other creditors, to the relief which he sought.

The theory upon which the action was commenced evidently was, that the property was not subject to be

selected as a homestead, and so the declaration filed did
not constitute it a homestead, and that as there was no
valid homestead when the order was made setting it
apart, the order was a nullity, and the property was still
subject to the payment of the insolvent's debts. And
this theory was supposed to be sustained by the decisions
of this court. (*Tiernan* v. *His Creditors*, 62 Cal. 286;
*Laughlin* v. *Wright*, 63 Cal. 113; *Matzen* v. *Shaeffer*, 65
Cal. 81.)

In this view of the case the principal question is, Was
the action barred by the statute of limitations?

Whatever may once have been the rule, it is now well
settled that the statute of limitations runs in favor of a
defendant chargeable as a trustee of an implied trust,
and it is not necessary, in order to set the statute in
motion, that he should have denied or repudiated the
trust. (*Howell* v. *Howell*, 15 Wis. 55; *Haynie* v. *Hall*, 5
Humph. 290; *Wilmerding* v. *Russ*, 33 Conn. 67; *Kennedy*
v. *Baker*, 59 Tex. 150; *Currey* v. *Allen*, 34 Cal. 254; Perry
on Trusts, sec. 865.)

In such a case, the statute begins to run when the
wrong complained of is done, and under our code the
limitation is four years. (Code Civ. Proc., sec. 343;
*Piller* v. *S. P. R. R. Co.*, 52 Cal. 42.)

As the plaintiff's action was commenced more than
four years after the order staying all proceedings against
the insolvent ceased to be in force, it was clearly barred,
unless saved by the averment in the complaint, that
neither the plaintiff nor his grantor had any notice of
the order setting aside the homestead, or of the false and
fraudulent representations in the petition asking that it
be set aside, until the 7th of May, 1884.

But these were matters of record in the court, which,
with reasonable diligence, Levy, the assignor, might
seasonably have known, and it would seem should have
known. As no averment is made to the contrary, it
must be presumed that he actually knew of the filing of

the declaration of homestead, of the value and use of the property at that time, and that, notwithstanding the declaration, it did not become a homestead in fact; that proceedings in insolvency were commenced and regularly conducted to an end, and that he, as a creditor, was entitled to have the property sold and the proceeds distributed. Still, though no dividend was received, both he and the plaintiff slept on their rights for years. No reason being assigned why notice of the representations and order was not sooner had, the case would seem to be one where the maxim, *Vigilantibus, non dormientibus, jura subveniunt,* has peculiar application. The rule in such cases is, that a party is presumed to know whatever he might, with reasonable diligence, have discovered; and when the fundamental facts upon which the alleged frauds rest are matters of public record, open to his inspection, ignorance of the fraud will not excuse his laches, nor stay the running of the statute. (*Smith* v. *Talbot*, 18 Tex. 775; *Nudd* v. *Hamblin*, 8 Allen, 130; *Manning* v. *San Jacinto Tin Co.*, 7 Saw. 418.)

It follows, in our opinion, that the action was barred, and the judgment should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.