E. S. POTTER, Appellant, v. OLIVE DOUGLASS *et al.*, Appellees.

Trusts: MISAPPROPRIATION OF TRUST FUNDS: LIMITATION OF ACTIONS. Where a guardian purchased real estate in her own name with money belonging to her ward, after the latter became of age, *held,* that such use of the ward's money by the guardian amounted to an appropriation thereof to her own use, for which a cause of action at once arose in favor of the ward, but that after such right of action had become barred by the statute of limitations the ward was not entitled to assert her ownership to said property as against the heirs of the guardian.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

MONDAY, JUNE 1, 1891.

THIS is an action for a partition of certain lands and town lots. Upon a trial on the merits, the petition and a cross-bill filed by one of the defendants were dismissed. The plaintiff and this defendant appeal. *Reversed.*

*Milton Remley,* for appellant.

*Robinson & Patterson* and *G. A. Ewing,* for appellees.

BECK, C. J.—I.    The petition alleges that one Mary J. Potter, in November, 1888, died seized of the real estate involved in this suit, and that the defendant, Olive Douglass, her daughter, and the plaintiff, her husband, survived her, and now, as tenants in common, hold title to the real estate.    It is also alleged that the defendant, Milton Remley, holds a mortgage executed on the land by the plaintiff.    This defendant files a cross-bill, alleging that he holds the mortgage referred to in the petition, and prays that it may be foreclosed. The defendant, Olive Douglass, alleges in her answer that she inherited certain lands from her father, Jacob Spilter, who was the first husband of her mother; that her mother was appointed her guardian, and in that capacity exchanged the land inherited by the defendant for other land and a large amount of money; and that her mother received other large sums of money, the proceeds of the property which the defendant had inherited, and which she invested in the purchase of the lands in controversy.    She alleges in her answer, upon these facts, that her mother held the land in trust for her, and that, therefore, the plaintiff never acquired title to the land.    The plaintiff denies the allegations of the petition to the effect that the land was acquired with money of the defendant, and alleges that the action is barred by the statute of limitations.

II.    It may be assumed, though we think such conclusion extremely doubtful, that the real estate in question was purchased with money of the defendant, received by her mother as guardian; but we think the plaintiff is entitled to the relief prayed for, on the ground that the bar of the statute of limitations defeats the defendant's claim, based upon the alleged trust arising by reason of the real estate having been purchased with her money.    The defendant attained her majority in 1874.    The money of the defendant, which she alleges was paid for the real estate, was received in

1875 and in 1883. The use of the money in the purchase of the real estate in the mother's own name was an appropriation thereof to her own use, and was a repudiation of the defendant's rights as a *cestui que trust*, whereon a right of action at once arose; and this rule applies whether the trust be expressed or implied. *Gebhard v. Sattler*, 40 Iowa, 152; *Peters v. Jones*, 35 Iowa, 512; *Humphreys v. Mattoon*, 43 Iowa, 556; *Harbour v. Rinehart*, 39 Iowa, 672; Angell on Limitations, sec. 174, *et seq*. There is no claim made by the defendant of any concealment or fraud whereby she was kept in ignorance of the existence of her right of action, which arrested the running of the statute of limitations.

The conclusion we have reached disposes of the case as presented, both upon the plaintiff's petition and defendant Remley's cross-bill. The defendant can set up the alleged trust to defeat neither. The decree of the district court, dismissing the plaintiff's petition and the defendant's cross-bill, is reversed, and the cause remanded for proceedings in harmony with this opinion, granting the relief to each separately prayed for by the plaintiff in his petition, and the defendant Remley in his cross-bill. REVERSED.