91 751
108 254

FREDERICK MOHLIS, Appellant, v. NICHOLAS TRAUFFLER *et al.*

ALTERATION OF DEED: LACHES: ESTOPPEL.

*Appeal from Bremer District Court.*—HON. JOHN C. SHERWIN, Judge.

FRIDAY, OCTOBER 19, 1894.

ACTION to cancel a deed. Trial to the court, and judgment dismissing plaintiff's petition. He appeals.—*Affirmed.*

*Gibson & Dawson* for appellant.

*E. L. Smalley* for appellees.

KINNE, J.—I. Plaintiff claims that he was at the commencement of this suit and for years prior thereto the owner of the southeast quarter of the southeast quarter of section 20, and the northeast quarter of the northeast quarter of section 29, and the southwest quarter of the southwest quarter of section 21, and the northwest quarter of the northwest quarter of section 28, all in township 92 north, of range 11 west, of fifth P. M.; that he and his wife, on September 10, 1874, executed a deed to defendants, conveying to them twenty feet off of the north side of the southwest quarter of the southwest quarter of section 21, and twenty feet square out of the northwest corner of the northeast quarter of the northeast quarter of section 29, in said township and range; that this deed was delivered to one Parsons, to be by him delivered to the defendants when the latter should, by similar deed, convey to plaintiff twenty feet on the north side of the defendants' farm, adjoining plaintiff's farm on the west side, and on the further condition that defendants should release all damages which they might claim against plaintiff on account of the use, occupancy, and ownership of the twenty feet over and along the north side of the defendant's forty aforesaid; that without any authority therefor, and without having complied with any of the conditions upon which plaintiff's said deed was to be delivered, and without paying any consideration therefor, defendants obtained possession of said deed; that plaintiff has at all times been in the actual possession of all the land above described, has paid the taxes thereon, and claimed to be the absolute owner thereof; that plaintiff has been in the continuous and exclusive possession of said land for over ten years prior to the commencement of this suit. He asks that said deed

be canceled, and his title to said land quieted. In an amendment, plaintiff avers that after the execution of said deed, and without his knowledge or consent it was materially changed and altered in the description of the land conveyed; that said deed should have contained a stipulation that the land conveyed was to be used as a private right of way, and that bars and gates should be kept closed by the parties using them; that plaintiff and his wife, at the time of signing said deed, could not read the English language, and believed said deed to be correct, and to contain said provisions. Defendants admit the execution of a deed to defendants of the date alleged, and deny all other averments in the petition; and, for a defense, they say that, for over ten years prior to the commencement of this suit, they have been the absolute and unqualified owners of the tract of land in controversy; that they derived title by warranty deed from plaintiff and his wife, of date September 10, 1874, and which deed was recorded June 23, 1876; that as a consideration for said deed, the defendant Nicholas Trauffler was to and did remit to plaintiff the damages in the sum of three hundred dollars, which was allowed defendants for vacating a road commencing at the southwest corner of section 21, in township 92, range 11 west of the fifth P. M., and running thence east one fourth of a mile; that defendants have paid the taxes on the land in controversy for the years 1878, 1879 and 1880, and since that time said land has been exempted from taxation for road purposes; that, ever since the execution of said deed, defendants, by reason thereof, have been in continuous and exclusive possession of said land, and they and the public have used the same as a highway.

Afterward, in an amendment to their answer, defendants claimed to have been in open, actual, and notorious adverse possession of said land, under color of title, for over ten years prior to the beginning of this action, and say plaintiff's rights, if any, are barred. In another amendment, defendants say that, in the deed given them by plaintiff, there was a mistake in the description. That the following land was intended to be described: "Twenty feet square in the northwest corner of the northeast quarter of the northeast quarter of section 29, twp. 92, range 11 west, 5 P. M." That the mistake was not discovered until after the execution and delivery of said deed, and neither party was aware until after this suit was begun that said deed and the record thereof had been corrected to accord with the intention of the parties, and said changes were made by parties unknown to defendants, and without their knowledge or consent. Defendants ask that the deed be corrected to conform to the intention of the parties, and that plaintiff's petition be dismissed. The relief prayed for by the defendants was granted by the court.

II. This cause needs no extended consideration. As we look at it, the plaintiff has failed to show by satisfactory evidence that the deed of the land in controversy was to be of the character he claims. Nor has he established his claim that the deed was to contain certain provision as to the maintenance of gates and bars, and that the same was omitted by mistake or otherwise. The evidence as to these matters is conflicting, and not such as to warrant us in reversing the case. As to the claim that

the deed was changed after it was executed, there is evidence tending to establish that fact. It is, however, not of a very satisfactory character, and it further appears that the change made conformed the description to the actual agreement of the parties. Nor do we think that plaintiff is in a position to take advantage of the fact that such change was made, even if it was, as he is here virtually seeking to have this deed reformed in other respects; nor does he deny that the deed, as claimed to have been changed, does not contain the description of the land intended to be conveyed. This deed was placed upon record in June, 1876, and plaintiff afterward procured an abstract of title to the land which showed this deed to be on record. This appears to have been many years before this suit was commenced. He then knew that the deed was recorded. Notwithstanding this knowledge, with which he was in law charged by virtue of the record of this deed, and knowing that during all these years defendants were making claim to this land, and that it was being used as a highway, in reliance on said conveyance, and without objection from plaintiff, he now seeks to set aside the deed as void. It can not be successfully claimed that the deed was without consideration, as a part of the consideration was the relinquishment of a right of way which defendants then had over plaintiff's land. We do not regard the fact that the defendants have not satisfied the three hundred dollars judgment as of controlling importance. It appears that defendants are not making any claim thereon, nor could they do so successfully. Irrespective of the question of the statute of limitations, we are satisfied that the plaintiff has not shown himself entitled to any relief, and it is clear that plaintiff has not had such possession of the property as to set in motion the statute of limitations as against the defendants. In an amendment the defendants asked to have the deed reformed so that the description should read as the parties intended. This was done. We think the decree is in all respects proper. AFFIRMED.