R. B. CLARK, Appellant, v. JAMES C. VAN LOON.

**Limitation of Actions:** FRAUDULENT CONVEYANCE: *Recording deed.*
An action to recover the value of land held by a defendant as security and fraudulently conveyed by him by a deed which appears of record is barred by the lapse of five years from the date of record although plaintiff is a nonresident of the state and had no actual notice of the fraud, Code 1873, section 2529, subdivision 4,

declaring that an action for relief on the ground of fraud must be brought within five years after the cause of action accrues.

**Appeal:** APPEALABLE ORDERS: *Verdict.* An appeal does not lie from the verdict of the jury.

DIRECTED VERDICT. Where a notice states that an appeal was taken from the finding and judgment of the trial court, but the record fails to show that any judgment was rendered, the appeal will be considered as taken from an order directing a verdict.

SAME. Under a statute allowing an appeal from an intermediate order involving the merits or materially affecting the final decision, an order directing a verdict is appealable.

*Appeal from Louisa District Court.*—HON. A. R. DEWEY, Judge.

TUESDAY, MAY 9, 1899.

ACTION at law to recover the value of an interest alleged to have been owned by the plaintiff in land conveyed by the defendant to a third person. When the evidence had been submitted, a motion for a verdict for the defendant was sustained, and a verdict for her was returned by direction of the court. The plaintiff appeals.—*Affirmed.*

*J. M. Greenman* and *L. A. Riley* for appellant.

*D. N. Sprague* and *Hale & Hale* for appellee.

ROBINSON, C. J.—The petition alleges that on the twentieth day of August, 1880, the plaintiff was the owner of a tract of eighty acres of land, which is described, but that the record title thereto was held by his brother, J. B. Clark; that on the date specified, the defendant held two notes which the plaintiff had indorsed, and the payment of which he had guarantied; that, for the purpose of securing the payment of the note, the plaintiff and the defendant agreed with each other that the plaintiff should cause J. B. Clark and his wife to convey the land to the defendant, to be held by her as security for the payment of the notes and taxes on the land, which it was agreed she should pay, and that the defendant

should convey the land to the plaintiff, whenever he should desire to sell it, upon payment by him of the amount for which it should be held as security, and that she would not convey it to anyone else; that the land was conveyed to the defendant pursuant to that agreement; that on the thirtieth day of June, 1887, she fraudulently, and with intent to cheat and defraud the plaintiff, conveyed the land for the consideration of one thousand dollars to one A. W. Van Loon, and fraudulently concealed from the plaintiff her conduct and actions in the matter; that afterwards, and before the thirty-first day of March, 1892, her grantee conveyed the land to other parties; that, on the date last specified, the plaintiff notified the defendant that he desired to sell the land, and requested her to send him a deed therefor, with a statement of the amount due her on account of notes and taxes; that she thereupon executed a quitclaim deed for the land to the plaintiff, and forwarded it, with the notes and tax receipts to a bank in Austin, Minn., for the delivery of the deed on the payment of the amount due on the notes and for taxes paid; that at that time the plaintiff first ascertained that the taxes for the years 1888 to 1891, inclusive, had not been paid, and upon investigation, learned that the land had been conveyed as stated. He asks judgment for one thousand two hundred and ninety dollars, with interest and costs. The answer admits the conveyances, alleges that the defendant paid full consideration for the one to her, denies the alleged fraud, denies that she ever knowingly sent any deed to the plaintiff, and avers that she acted in good faith in all that she did. The answer also avers that the plaintiff's alleged cause of action is barred by the statute of limitations.

I. The notice of appeal is set out in the record, and states that the appeal is taken from "the findings and judgment" of the trial court, but the record fails to show that a judgment was rendered on the verdict. An appeal from the verdict of a jury is not allowed. *Jones v. Givens*, 77 Iowa, 173. See, also, *Boyce v. Railway*

*Co.,* 63 Iowa, 70. But the statute provides that an appeal may be taken from an intermediate order involving the merits or materially affecting the final decision. The action of the trial court in sustaining the motion to direct a verdict and in directing a verdict constituted such orders; and, treating the appeal as from them, we proceed to consider the only questions presented which we find it necessary to determine.

II. The evidence tends strongly to sustain the averments of the petition. It is shown, however, that the deed of the defendant to Van Loon purported to be an absolute conveyance of the land, and that it was recorded on the second day of July, 1887. This action was commenced in August, 1895,—about fifteen years after the alleged agreement with the defendant and the conveyance to her were made, and a little more than eight years after her deed to Van Loon was recorded. The execution of the last named deed was, in effect, a disavowal of the alleged trust for which the title to the land was held, and could not have been otherwise understood, and the statute of limitations then commenced to run, if, as claimed by plaintiff, it was not then running. *Potter v. Douglass,* 83 Iowa, 190. An action for relief, on the ground of fraud, must be brought within five years after the cause of action accrued to avoid the bar of the statute. Code 1873, section 2529, subdivision 4 (Code, section 3447, subdivision 6). We said in *Nash v. Stevens,* 96 Iowa, 616, that the law does not contemplate actual knowledge of the fraud before the statute begins to run, but such knowledge or notice as would lead a man of reasonable prudence to make inquiries which would disclose the fraud; also that, as the recording of a deed imparts constructive notice of its contents, if the facts which a record of a deed shows, with other facts known, are of a character to suggest fraud, persons interested must be charged with the knowledge which inquiry made with reasonable diligence would disclose. What was thus said had special reference to creditors;

but we are of the opinion that it is applicable to persons interested in the land which is fraudulently conveyed by the deed which appears of record. See *Bishop v. Knowles*, 53 Iowa, 268; *Gebhard v. Sattler*, 40 Iowa, 152; *Sims v. Gray*, 93 Iowa, 38; *Mickel v. Walraven*, 92 Iowa, 423; *Hawley v. Page*, 77 Iowa, 240; *Francis v. Wallace*, 77 Iowa, 373; *Laird v. Kilbourne*, 70 Iowa, 83; *Mohlis v. Traffler*, 91 Iowa, 751. The plaintiff is a non-resident of the state, and did not have actual notice of the fraud of the defendant until April, 1892; but those facts did not prevent the running of the statute. *Bishop v. Knowles, supra.* The record of the deed was notice to the world of its contents; and, had the plaintiff read it, he would have known at once that the defendant had repudiated the alleged trust. It follows that this action was barred by the statute of limitation when it was commenced. The orders of the district court in question are therefore AFFIRMED.