(No. 20876.—

Konstanty Skrodzki, Appellant, *vs.* The Sherman State Bank, Appellee.

*Opinion filed April 23, 1932—Rehearing denied June 8, 1932.*

James Percival Pio, for appellant.

Joseph F. Elward, (Philip Conley, of counsel,) for appellee.

Mr. Chief Justice Stone delivered the opinion of the court:

This cause is here on an appeal granted by the Appellate Court for the First District to review its judgment reversing a judgment of the circuit court of Cook county in favor of appellant. The action is one in fraud and deceit against appellee, in which it is charged that it sold appellant gold mortgage bonds of the face value of $800, representing to appellant that the bonds were secured by a first mortgage on real estate, whereas, as a matter of fact, the bonds constituted a second lien on such real estate, there being a first mortgage of $28,000 on the property at the time of the issuance of the bonds sold to appellant. The declaration alleges foreclosure of the first mortgage, and that after the payment thereof the bonds constituting a second lien were practically worthless. The trial was on the second count of the amended declaration. It charges that the Polonia Soap Company, an Illinois corporation, on July 25, 1921, executed its trust deed conveying certain real estate in Cook county to secure the payment of a bond issue of that company in the sum of $250,000, and that the bonds stated on their face that they were a first lien on the real estate. On July 15, 1922, appellant, who was a depositor in the appellee bank, purchased bonds of this issue of the face value of $600, and thereafter, on August 10, 1922, other bonds of the face value of $200, paying face

value therefor. The declaration alleges that appellant was induced to purchase these bonds on the representation of appellee that they were secured by a first mortgage on real estate, which representation appellee knew was false and knew that the trust deed securing the bonds was junior to another mortgage on the same property, and that by reason of these false and fraudulent representations of appellee the sum so paid to the bank became wholly lost to appellant. Appellee filed pleas of the general issue and special pleas alleging that the sales charged in the declaration to have been made were *ultra vires* the corporation, and also pleaded the Statute of Limitations, requiring such actions to be brought within five years. To the latter plea appellant filed a replication, averring that appellee fraudulently concealed from appellant the fraud constituting his cause of action until within less than five years before the commencement of the suit; that on January 25 and July 25 in each year until January 25, 1925, appellee paid or caused to be paid the interest due on the bonds, though it knew that the bonds were not secured by a first mortgage on the real estate, and that appellant did not learn until about the last mentioned date that the bonds were a junior lien on the real estate. The cause went to trial on these issues.

The facts proved on the trial were in accordance with the allegations of the declaration. From the evidence it appears that one Bruno Kowelewski was president of both the soap company and the appellee bank. Appellant had money on deposit with appellee and approached the cashier of the bank and inquired about the purchase of bonds, and this officer replied that it had the soap company bonds and stated that they were secured by a first mortgage and were as good as gold. Appellant thereupon withdrew his money from his savings account and purchased these bonds at their face value, receiving a receipt of the bank therefor, and, as stated in his declaration, received from appellee interest payments until January, 1925. It also appears that ap-

pellant was made party defendant to the foreclosure of the first mortgage and appeared before the master in chancery and made proof of these bonds, and after sale of the property received the sum of $13 as his proportionate share of the proceeds after payment of the first mortgage.

At the close of all the evidence appellee moved for a directed verdict in its favor. This motion was overruled and the jury returned a verdict in favor of appellant for the sum of $1047. Appellant entered a *remittitur* in the sum of $41.16, and judgment was entered for $1006.84.

On appeal the Appellate Court held that appellee had failed to sustain the burden cast upon it to show that the sale of the bonds was *ultra vires* the corporation, but also held that appellant had not maintained the burden cast upon him to prove his replication to appellee's plea of the running of the Statute of Limitations, and also that the judgment was excessive. Concerning the plea of the Statute of Limitations the Appellate Court held there was no proof of fraudulent concealment, as required by section 22 of the Statute of Limitations, and the fact that appellee paid interest coupons to appellant as they became due did not constitute a fraudulent concealment of appellant's cause of action within the meaning of that statute. The judgment of the Appellate Court first entered remanded the cause to the circuit court of Cook county. On request of both parties the judgment was on rehearing amended, striking out the remanding order, and a judgment was entered reversing the judgment of the circuit court without remanding and granting an appeal to this court.

The first question arises on the plea of the Statute of Limitations and replication thereto. Section 22 of that statute provides: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not

afterwards." In *Lancaster* v. *Springer*, 239 Ill. 472, this section was construed as follows: "The concealment of a cause of action which will prevent the operation of the Statute of Limitations must be something of an affirmative character designed to prevent, and which does prevent, the discovery of the cause of action. * * * Such concealment must consist of affirmative acts or representations," citing *Fortune* v. *English*, 226 Ill. 262, and *Wood* v. *Williams*, 142 id. 269. In *Keithley* v. *Mutual Life Ins. Co.* 271 Ill. 584, this court considered that section. It was there held that mere silence by the person liable is not concealment of a cause of action, but that such concealment must consist of affirmative acts or representations. It was there also held that fraudulent misrepresentations which form the basis of the cause of action do not constitute a fraudulent concealment in the absence of proof of acts or representations tending fraudulently to conceal the cause of action, and that the rule that the statute begins to run only from the discovery of the fraud does not apply when the party affected by the fraud might with ordinary diligence have discovered it. This is likewise the rule adopted by other courts. *Norris* v. *Haggin*, 136 U. S. 386, 34 L. ed. 424; *Teall* v. *Schroder*, 158 id. 172, 39 L. ed. 938; *Hecht* v. *Slaney*, 72 Cal. 363, 14 Pac. 88; *Clark* v. *VanLoon*, 108 Iowa, 250, 79 N. W. 88.

Counsel for the appellant concedes this to be the general rule but argues that in this case there were specific acts of fraudulent concealment, in that appellee at each interest paying date until January, 1925, paid the interest, and therefore appellant had no reason to suspect that the bonds he had purchased were not first mortgage bonds, and that these specific acts bring the case within the rule laid down in the *Keithley case* and other cases. It is true that the payment of interest by appellee, where there is no showing of liability on its part to pay the same, constitutes evidence of concealment, and were this the only means of knowledge of

the facts open to appellant the running of the statute would have been tolled, but, as is disclosed by his declaration, at the time these bonds were issued there was in existence and on record in the recorder's office a valid prior lien in the form of a first mortgage in the sum of $28,000 against the property. The records of the recorder's office are public records and open alike to all parties. Appellant therefore had constructive notice of what those records contained. Whether such notice prevents the concealment of a cause of action has not been considered by this court but has by courts of other jurisdictions. In *Norris* v. *Haggin, supra,* where it was alleged that the original transaction which formed the basis of the cause of action was a fraud, the court, in considering the effect of the statutory provision of the State of California concerning concealment of a cause of action, makes this observation: "It is a part of this general doctrine that to avoid the lapse of time or Statute of Limitations the fraud must have been one which was concealed from the plaintiff by the defendant or which was of such a character as necessarily implied concealment. Neither of these principles can apply to the defendants in this case. The acts which constitute the fraud as alleged in the bill were open and public acts. The note and mortgage were recorded in the proper public office of the proper county. The possession of defendants was obtained by judicial proceedings which were open to everybody's examination and which were probably well known in the entire community." In *Teall* v. *Schroder, supra,* where certain transfers of real estate under a power of attorney were attacked on the ground of fraud and a reply to a plea of the Statute of Limitations that the fraud was concealed from the complainants until a short time before the filing of the bill, the court calls attention to the fact that the power of attorney from Teall to Devine, his attorney in fact, who the bill alleges was the perpetrator of the fraud, was on record and was open to daily inspection, as were

the conveyances from Devine to Rhodes and from Rhodes back to Devine, by which the bill claims the fraud was accomplished, and the court there observes: "As the complainants and all other parties interested could have obtained the necessary knowledge upon those subjects by proper inquiry they are charged with such knowledge from the time those conveyances were placed on record and were held to all consequences following its acquisition." And in this case, though it is argued with force that the payment of interest constituted specific acts of fraudulent concealment of the existence of a cause of action, yet, the public records being open to appellant, he must be held charged with the knowledge of what they contained, and it could not be said, therefore, that acts on the part of the appellee, though attempts to conceal the cause of action, could accomplish that purpose. This action was filed in 1929, some four years after appellant says he discovered the fraud practiced upon him. His purchases were in July and August, 1922, and the Statute of Limitations had not run until 1927, so it appears that had he exercised diligence after discovery of the alleged fraud his action would not have been barred by the statute.

We are of the opinion that the Appellate Court, in holding that appellant had not discharged the burden resting upon him to prove fraudulent concealment of the cause of action so as to toll the running of the Statute of Limitations, was right. This being so, the action fails, regardless of other questions raised in the case. It is therefore unnecessary to consider any other questions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*