Harry Bairstow, Jr., Appellant, v. Phillip State Bank and Trust Company, Trustee et al., Appellees.

Gen. No. 43,779.

Opinion filed May 7, 1947. Released for publication May 22, 1947.

DAVID B. MALONEY and HARVEY L. CAVENDER, both of Chicago, for appellant.

HARRY A. BIOSSAT, of Chicago, for appellee.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

By this appeal plaintiff seeks to reverse an order sustaining defendant's motion to strike certain paragraphs of an amended complaint on the ground that the complaint as amended alleged a new cause of action which was barred by the statute of limitations.

The record discloses that on December 9, 1941 plaintiff filed a complaint to foreclose a trust deed recorded in the recorder's office of Cook county, Illinois as document No. 10620151 securing payment of a note in the sum of $19,500, dated December 9, 1929, due two years after date.

On November 6, 1945, by leave of court plaintiff filed an amended complaint the first eleven paragraphs of which contain substantially the same allegations and pray for the same relief with reference to the foregoing trust deed and note as the original complaint. In the succeeding paragraphs 12, 13, 14 and 15 appear certain allegations relating to another trust deed, notes and a subordination agreement not referred to in the original complaint. The amended complaint also makes additional parties defendant.

The allegations of paragraphs 12, 13, 14 and 15 are substantially as follows: That David Riordan and Rupert S. Hambley, former owners of the premises in question executed a trust deed dated December 11, 1926 and recorded in the recorder's office of Cook county as document No. 9495935, conveying the premises to Phillip State Bank and Trust Company as trustee, to secure payment of 37 principal notes in varying amounts dated December 11, 1926, aggregating the total sum of $30,000, all maturing three years after the date; that the owner and holder of the 37 principal notes dated December 11, 1926 are unknown to the plaintiff and on due and diligent search cannot be ascertained, and that such persons are made defendants as ''Unknown Owners''; that on April 24, 1930 one James W. Weldon, being the owner of the principal notes dated December 11, 1926, entered into an

agreement which subordinated the lien of the trust deed recorded as document No. 9495935 to the lien of trust deed No. 10620151; that the notes dated December 11, 1926 have been due for more than 15 years and no payments have been made thereon; and that the notes and the trust deed recorded as document No. 9495935 are now invalid and unenforceable and constitute a cloud upon the title of the property sought to be foreclosed. In the amended complaint the prayer [paragraph (g)] asks that the trust deed recorded as document No. 9495935 be removed as a cloud upon the title of the premises in question and that the court declare the rights of all persons owning or claiming any interest in the notes dated December 11, 1926 be of no force and effect.

On December 1, 1945 Meyer Kaplan, who was made party defendant as an "Unknown Owner" and being the owner of the notes secured by the trust deed recorded in the recorder's office as No. 9495935, made a motion to strike paragraphs 12, 13, 14 and 15 of the amended complaint on the following grounds: That the original complaint filed December 9, 1941 did not make the owners and holders of the notes secured by the trust deed recorded as document No. 9495935 parties to the suit, nor was the trustee or successor in trust named in that trust deed made a party under the description of "Unknown Owners"; that the amended complaint states a new cause of action as to the defendant Kaplan; that Kaplan was made a party defendant thirteen and one-half years after the notes executed December 11, 1926 had matured; that the plaintiff seeks relief not prayed for in the original complaint; and that the amended complaint fails to allege that plaintiff is the owner of the property sought to be foreclosed, or that the plaintiff is in possession of the premises.

After a hearing on defendant's motion an order was entered which found, *inter alia,* that paragraphs 12, 13,

14 and 15 alleged a new cause of action against defendant Kaplan, and that plaintiff's action against Kaplan was barred by the ten year statute of limitations. The order directed that the foregoing paragraphs be stricken; that the suit be dismissed as to the defendant Kaplan sued under the style and description of "Unknown Owners"; and that the suit be dismissed as to the defendant "Unknown Owners" in so far as the said style and description of "Unknown Owners" refers to the owners and holders of the principal notes and interest coupon notes secured by trust deed recorded as document No. 9495935.

As grounds for reversal plaintiff urges that the court erred (1) in finding that the relief prayed for in the amended complaint was barred by the statute of limitations, and (2) in striking paragraphs 12, 13, 14 and 15 and paragraph (g) of the prayer for relief and dismissing the suit as to "Unknown Owners" in so far as the style and description refers to the owners of principal notes and coupons secured by trust deed recorded as document No. 9495935.

Plaintiff's principal contention is that the new matter contained in the amended complaint relates to the same cause of action stated in the original complaint and that the amendments are therefore authorized by sec. 46 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 170; Jones Ill. Stats. Ann. .104.046]. We think plaintiff's position is untenable. Manifestly the evidence which would support a judgment based on the allegations of the original complaint could not, under any circumstances, also support a judgment based on the allegations of paragraphs 12, 13, 14 and 15 of the amended complaint. (*Smith v. Illinois Power Co.*, 279 Ill. App. 505, 512.) Nor could the relief prayed for in paragraph (g) of the amended complaint be granted under allegations of the original complaint, since the original complaint made no reference to the trust deed recorded as document

No. 9495935 securing payment of the notes held by the defendant Kaplan. The stricken paragraphs of the amended complaint clearly allege a new and distinct cause of action. In the instant suit Kaplan, who appears for the first time as a party defendant in the amended complaint, interposed the defense of the statute of limitations at the earliest opportunity. He was not required to take any affirmative action until he was brought into the case. In *Walsh v. Central Cold Storage Co.*, 324 Ill. App. 402, 415, this court held that sec. 46 of the Civil Practice Act does not deprive a defendant of the defense of the statute of limitations against a cause of action not asserted in apt time. Statutes of limitation are designed to accelerate settlement of controversies and are therefore favored. (*Chicago Board of Underwriters v. Industrial Commission*, 332 Ill. 611, 615; *Desiron v. Peloza*, 308 Ill. App. 582, 587.)

Moreover, the amended complaint cannot be sustained as a bill to remove a cloud on the title to the premises in question, for the reason that it fails to allege that plaintiff is the owner of the premises described in the trust deeds. (*Town of Kaneville v. Meredith*, 351 Ill. 620), or upon the further ground that it fails to allege that plaintiff was in possession of the property or that it was vacant and unoccupied. (*Hooper v. Traver*, 336 Ill. 275.)

For the reasons stated, the order striking paragraphs 12, 13, 14 and 15 and paragraph (g) of the prayer for relief of the amended complaint is affirmed.

*Affirmed.*

Kiley and Burke, JJ., concur.