Kermit V. Nogle, Plaintiff-Appellee, v. Ruth M. Nogle, Defendant-Appellant.

**Gen. No. 10,568.**

Fourth District.

December 1, 1964.

Burt Greaves and Philip C. Zimmerly, both of Champaign (Philip C. Zimmerly, of counsel), for appellant.

Reno, O'Byrne & Kepley, of Champaign (Donald M. Reno, of counsel), for appellee.

SPIVEY, J.

The Circuit Court of Champaign County, on plaintiff's motion, dismissed with prejudice defendant's amended petition to vacate and set aside a divorce decree.

A decree of divorce was granted plaintiff-appellee, Kermit V. Nogle, on February 8, 1960, on the ground

that defendant-appellant wilfully deserted plaintiff without reasonable cause for a period of more than one year prior to the filing of the complaint.

A written agreement dated February 5, 1960, was entered into by and between the parties determining their property rights, custody of children and support and maintenance. This settlement agreement was incorporated in the decree.

▮ The pleadings previously filed in this cause are of importance. Courts take judicial notice of their own records and facts established therein. Borin v. Borin, 335 Ill App 450, 82 NE2d 70; City of East St. Louis v. Touchette, 14 Ill2d 243, 150 NE2d 178.

On September 16, 1962, (two years and five months after entry of the decree) defendant petitioned the court for a modification of the decree, alleging in part that the alimony and support payments were grossly inadequate and should be increased because of a change of circumstances.

In this same petition, defendant stated that she was informed and believed that at the time of the divorce negotiations plaintiff deliberately or inadvertently concealed his true assets and income from her.

On September 17, following a hearing on the petition to modify the decree, leave was asked and granted defendant to file an amended petition. The amended petition, filed on September 24, 1963 (three years and seven months after entry of the decree), amounted to a petition to vacate and set aside the decree and for other relief under Section 72 of the Civil Practice Act (Ill Rev Stats c 110, § 72). In the main it alleged that plaintiff fraudulently concealed his true worth at the time of the negotiations which culminated in the settlement agreement. This petition was devoid of any allegations that following entry of the decree incorporating the settlement agreement defendant was under

459

legal disability or duress or the ground for relief was fraudulently concealed.

On October 31, 1963, on plaintiff's motion, the Court dismissed defendant's amended petition to vacate the decree. Among the grounds urged in support of plaintiff's motion to dismiss was the assertion that the cause of action was barred by the two-year limitation period provided in Section 72 of the Civil Practice Act and that the amended petition set forth no facts to toll the running of the limitation period.

Upon further leave asked and granted, defendant filed on December 24, 1963 (three years and nine months after the entry of the decree) another amended petition under Section 72 of the Civil Practice Act, which petition alleged that she had been falsely advised in the negotiations for the settlement agreement. Additionally, it set forth certain acts and conclusions of fraudulent concealment of the grounds for relief.

A hearing was had upon this amended petition on March 24, 1964, and on April 14, 1964, on plaintiff's motion the court dismissed with prejudice defendant's amended petition to vacate and set aside the decree of divorce.

Defendant contends on appeal that the court erred in dismissing the amended petition of December 24, 1963, and states that she alleged therein a cause of action entitling her to the relief prayed or at least some part of it. She also urges that the settlement agreement was void in that it was conditioned expressly upon obtaining a divorce, was a stimulus to divorce, was grossly insufficient, was tainted by fraud, and was the result of a breach of a fiduciary relationship.

The parties were living separate and apart, prior to their execution of the settlement agreement. The record further discloses that the defendant had deserted the plaintiff for a period of time in excess

460

of a year, that negotiations for a separation and settlement agreement had been carried on, and that upon arriving at a tentative agreement some five weeks before the entry of the decree of divorce plaintiff's counsel referred her to another well-known and able attorney to represent her in the divorce proceedings and the settlement agreement.

The record also indicates that since February of 1958, indeed as late as the morning of the hearing on the complaint and answer, plaintiff had attempted to effect a reconciliation and reestablish the marital relationship.

Defendant argues that the settlement agreement is void on its face because of the express conditions of Paragraph 19. She also states that the intent, purpose or meaning of Paragraph 19 is further supported by her allegations in the amended petition that for several months before the divorce her husband badgered, pestered and cajoled her to obtain a divorce or to permit him to obtain one. It is asserted that he told her he would be unable to make provision for her support and that of the children if he were not given his freedom.

The settlement agreement provided in part:

"1. The parties are living separate and apart and have not lived together as husband and wife for more than one (1) year immediately preceding the execution of this agreement."

"17. That this agreement shall not at any time in any way be construed as an agreement between the parties to secure a divorce."

"19. That in the event either of the parties hereto does secure a divorce, this agreement shall be presented to such court as the agreement between the parties hereto as the complete agreement forever settling and determining their respective property rights and, if the same shall be approved by the court, shall become

461

by incorporation and reference a part of the Decree of Divorce; in event a decree of divorce is not granted to either party, this agreement shall be null and void."

■ It is not against public policy for a husband and wife to contract with each other as to their mutual property rights prior to or pending divorce proceedings. Shankland v. Shankland, 301 Ill 524, 134 NE 67. Rather, property settlement agreements entered into by husband and wife pending, or in contemplation of, proceedings for divorce are to be commended. Walters v. Walters, 409 Ill 298, 99 NE2d 342; 27B CJS, "Divorce," Section 301(1)b.

■ Settlement agreements between a husband and wife are void as against public policy where it is apparent that the contract was entered into for the purpose of stimulating a divorce between the parties or for the purpose of purchasing a decree of separation, or where it amounts to collusion between the parties to secure a decree of divorce. People v. Walker, 409 Ill 413, 100 NE2d 621; Shankland v. Shankland, 301 Ill 524, 134 NE 67.

Paragraph 19 is an often-used provision in like agreements suggested by Weinberg in his work entitled Illinois Divorce, Separate Maintenance and Annulment. In Doose v. Doose, 198 Ill App 387, it was held that an agreement between parties to a divorce proceeding as to the division of their property in the event of a decree of divorce did not amount to collusion and thus was not against public policy.

In Kohler v. Kohler, 316 Ill 33, 146 NE 476, it was held that a settlement agreement wherein it was stated that if either of the parties should institute proceedings the wife would not ask for alimony and solicitor's fees, did not indicate that a separation was induced by such a consideration or that the separation was not itself a consideration for the contract.

█ We conclude that there is nothing in the separation agreement or the action of the parties that would lead us to the conclusion that the instant contract was entered into for the purpose of stimulating or inducing one party or the other to institute divorce proceedings or for the purpose of purchasing a decree of separation, or amounts to collusion between the parties to secure a divorce decree which would render the contract void as against public policy.

This petition having been filed under Section 72 of the Civil Practice Act (Ill Rev Stats c 110, § 72), we must look to the provisions of that section.

Section 72 of the Civil Practice Act provides in part:

"(2) The petition must be filed in the same proceeding in which the order, judgment or decree was entered but is not a continuation thereof. . . .

"(3) The petition must be filed not later than 2 years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years."

Plaintiff has suggested that inasmuch as the petition was filed more than two years after the entry of the decree, the same is barred by the statute of limitations appearing in subparagraph 3 of Section 72 of the Civil Practice Act. We agree with this contention.

Defendant does not contend that the decree of divorce in its entirety is void but asserts that the settlement agreement alone is either void or voidable. We have previously concluded that the settlement agreement in itself is not void.

█ "Statutes of limitation are designed to accelerate settlement of controversies and are therefore favored. [Citing cases]." Bairstow v. Phillip State Bank & Trust Co., 331 Ill App 187, 191, 72 NE2d 871.

To like effect is Ashmore v. Wolf, 327 Ill App 413, 64 NE2d 215.

Petitions under Section 72 must be filed not later than two years after the rendition of the decree unless tolled because of legal disability, duress or fraudulent concealment of the grounds for relief. (Morgan v. People, 16 Ill2d 374, 158 NE2d 24; Auto Exchange, Inc. v. Litberg, 34 Ill App2d 329, 181 NE2d 359.)

The concealment of a cause of action which will prevent the operation of the statute of limitations must be something of an affirmative character, designed to prevent, and which does prevent, the discovery of the cause of action. Mere silence by a person liable does not amount to fraudulent concealment of the cause of action. Such concealment must consist of affirmative acts or representations; there must be some trick or contrivance or affirmative action intended to exclude suspicion and prevent inquiry." 25 ILP "Limitations," Section 92 at 267, 268.

It was said in Skrodzki v. Sherman State Bank, 348 Ill 403, 407, 181 NE 325: "In Lancaster v. Springer, 239 Ill 472, 88 NE 272, this section was construed as follows: 'The concealment of a cause of action which will prevent the operation of the Statute of Limitations must be something of an affirmative character designed to prevent, and which does prevent, the discovery of the cause of action. . . . Such concealment must consist of affirmative acts or representations,' citing Fortune v. English, 226 Ill 262, 80 NE 781, and Wood v. Williams, 142 Ill 269, 31 NE 681. In Keithley v. Mutual Life Ins. Co., 271 Ill 584, 111 NE 503, this court considered that section. It was there held that mere silence by the person liable is not concealment of a cause of action, but that such concealment must consist of affirmative acts or representations. It was there also held that fraudulent misrepresentations

464

which form the basis of the cause of action do not constitute a fraudulent concealment in the absence of proof of acts or representations tending fraudulently to conceal the cause of action, and that the rule that the statute begins to run only from the discovery of the fraud does not apply when the party affected by the fraud might with ordinary diligence have discovered it. This is likewise the rule adopted by other courts. Norris v. Haggin, 136 US 386, 34 L Ed 424; Teall v. Schroder, 158 US 172, 39 L Ed 938; Hecht v. Slaney, 72 Cal 363, 14 P 88; Clark v. VanKoon, 108 Iowa 250, 79 NW 88."

In Bunker Hill Country Club v. McElhatton, 282 Ill App 221, wherein it was asserted that the petitioner did not learn of the existence of the alleged cause of action until a few months before the filing of their complaint because of careful concealment by the defendant, it was held that in the absence of an allegation of fraudulent concealment the statute of limitations was not tolled. The court said at page 237: " 'Mere silence of the defendant and mere failure on the part of the complainant to learn of a cause of action do not amount to such fraudulent concealment. [Citing cases.] Furthermore, we have held that good faith and reasonable diligence are essential elements in asking for relief from a court of equity.' " To like effect is Keithley v. Mutual Life Ins. Co., 271 Ill 584, 111 NE 503.

The amended petition was not filed until almost four years after the entry of the decree. It appears on its face that it would be barred by the two year statute under Section 72 of the Civil Practice Act absent a showing that the person seeking relief was under legal disability or duress or that the grounds for relief were fraudulently concealed. In an effort to avoid the two-year limitation defendant has alleged for the first time by her amended petition under Section 72

465

of the Civil Practice Act a fraudulent concealment of the ground for relief.

In this respect the amended petition sets out facts occurring in July of 1962, March of 1963, and September of 1963, which might well be construed as affirmative acts or representations. However, inasmuch as these alleged acts occurred more than two years after the rendition of the decree they would be of no avail in tolling the two year statutory period. The right to invoke the statute of limitations had previously accrued to the plaintiff. There was nothing to be tolled.

On two other occasions it was alleged merely by conclusion that the ground for relief was fraudulently concealed.

It is axiomatic that general averments of fraud are wholly inadequate and that such allegations should state specifically the inculpatory facts in order that they may carry their own conviction of fraud and in order that the wrongdoing may thereby be made more clearly to appear. (Haskell v. Art Institute of Chicago, 304 Ill App 393, 26 NE2d 736.)

Where a fraudulent concealment is set up by amendment or reply to avoid a plea of the statute of limitations, facts must be affirmatively alleged, and mere conclusions will not suffice. (Keithley v. Mutual Life Ins. Co., 271 Ill 584, 111 NE 503. Fortune v. English, 226 Ill 262, 80 NE 781.)

Defendant says that she did not learn of the existence of the alleged cause of action until August of 1963. This assertion is certainly inconsistent with her verified petition to modify the decree filed on April 16, 1962, wherein she stated in part, "That the petitioner is informed and believes that at the time of the divorce negotiations, the respondent, who was at all times throughout represented by a very able attorney who

had represented him for many years, deliberately or inadvertently concealed his true assets and income from the petitioner. . . ."

Good faith and reasonable diligence are essential elements in asking for relief from a court of equity. (LeGout v. LeVieux, 338 Ill 46, 169 NE 809.)

In our judgment the action of the trial court in dismissing defendant's amended petition under Section 72 of the Civil Practice Act is correct and should be affirmed.

Order affirmed.

SMITH, P. J. and DOVE, J., concur.