DANIEL BEATTY

*v.*

SPARROW M. NICKERSON.

73    605
25a   162

1. LIMITATIONS—*fraud may be replied to a plea of statute.* The plaintiff in an action may reply fraud to a plea of the Statute of Limitations.

2. PLEADING—*must set out facts constituting fraud, when set up in reply to plea of Statute of Limitations.* A replication to a plea of the Statute of Limitations, which sets up that the defendant fraudulently concealed from plaintiff the knowledge that a cause of action existed, and that suit was brought within the statutory period, after knowledge of the right of action came to plaintiff, must fully set out the facts relied upon as constituting such fraud, or it will be bad on demurrer.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BENNETT & ZOLLARS, for the appellant.

Mr. E. B. SHERMAN, and Mr. L. L. COBURN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question presented by this record is as to the suffi-

ciency of the plaintiff's replication to the defendant's plea of the Statute of Limitations.

The action was case, for a fraudulent sale of a certain patent. The defendant pleaded the general issue and the Statute of Limitations, that the cause of action did not accrue within five years next before the commencement of the suit. To this the plaintiff replied that the defendant fraudulently concealed from him the knowledge of any cause of action accruing in his behalf against him, the said defendant, and because he says he has lately made the discovery, and within less than five years prior to the commencement of his action, that the representations of the defendant, as charged in the first and second counts of the declaration, and the warranties charged in the third count thereof, were false and fraudulent, to the knowledge of the defendant, concluding with a verification.

To this replication a demurrer by the defendant was sustained, and judgment thereon for the defendant.

The question whether fraud can be replied to a plea of the Statute of Limitations, was discussed in *Campbell* v. *Vining*, 23 Ill. 525, by the justice who delivered the opinion of the court in the case, and the authorities, both English and American, reviewed, and the conclusion reached that it could not be pleaded, as the statute itself had not made fraud an' exception. The other members of the court, without discussing the question, declared, as their opinion, fraud might be so replied. This was not the point in the case, it being decided on another ground; but so far as the discussion in that case went, it may be considered authority to the point that fraud can be replied to a plea of the Statute of Limitations.

But the General Assembly, to remove all doubt upon the question, in 1872, revised the Statute of Limitations, and provided, in section 23 of the act, as follows: "If a person, liable to an action, fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards." R. S. 1874, p. 676.

The replication in question, it is claimed, meets the requirements of this statute. We do not think so, as it fails to set out the facts constituting concealment. A reference to the declaration does not supply this defect, for in that is found no allegation of concealment or of acts tending fraudulently to conceal a cause of action.

This statute must have a reasonable construction, and we think it would be productive of much wrong and injury to allow an allegation so general as in this replication, to meet the objects of the statute. The facts constituting the fraud must be clearly stated, so that the defendant may be apprised thereof, and shape his defense.

Laying out of view the question of the operation of this statute, whether prospective only, or otherwise, we are satisfied the replication was defective in substance, and the demurrer to it was properly sustained.

Being of this opinion, the judgment must be affirmed.

*Judgment affirmed.*