ELENORA D. TIETZE v. INTERNATIONAL & GREAT NORTHERN
RAILROAD COMPANY.

Decided March 9, 1904.

**1.—Railroad in Street—Nuisance—Limitation.**

Recovery for permanent damages to property by the construction and operation of a railway in the street on which it abuts is barred in two years from such construction where such damages consist in the obstruction of the use of the street by such railway, or noise, smoke and vibration caused by a subsequently increased use of the track and not from a change in construction, or by diversion of surface water.

**2.—Same.**

Damages from such negligent maintenance of the railway embankment in a street as to obstruct, by dirt falling therefrom, the roadway beyond the limits of the embankment were not recoverable prospectively by the abutting owner at the time of the original construction, and are only barred in two years from the time such negligence caused injury, and so also as to negligent injury by the company in trimming shade trees in front of the premises, though it might trim them in a proper manner to prevent their interference with its trains.

Appeal from the District Court of Comal. Tried below before Hon. L. W. Moore.

*F. J. Maier* and *H. G. Henne,* for appellant.

*S. R. Fisher* and *N. A. Stedman,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—In this case the trial court sustained exceptions to the plaintiff's first amended original petition and the trial amendments thereto, evidently upon the theory that the cause of action alleged appeared to be barred by limitation. The petition and the amendments thereto are as follows:

"1. The plaintiff is now, and for more than thirty years has been, the owner and possessor of lot No. 275, in New Braunfels, Comal County, Texas, and said lot is a corner lot, fronting 196 feet on the southwest side of Hill Street and 98 feet on the northwest side of Cross Street. That before the value and usefulness of said lot had been destroyed and before the nuisance and destruction of Hill Street as hereinafter set forth, said lot was a valuable residence lot and a valuable business lot, situated within 300 feet of the business center of the city of New Braunfels, and said Hill Street was the widest and one of the most beautiful streets in the said city, and it extended from San Antonio Street in a southwest direction for four blocks, and was about 100 feet wide. Said street is one of the public streets of said city and was dedicated to the use of the public.

"2. That about the year 1880, the defendant wrongfully and unlawfully made an embankment in said street, the full length of said street and placed, on said embankment in said street, crossties and iron rails, so as to form railroad tracks and switches, which are not filled in between the rails, so the same can not be passed over or be used by

teams or vehicles and defeated the purpose of its dedication and which, amounts to a destruction of the street. In front of the plaintiff's property, between the sidewalk and the railway embankment, the space is only ten feet wide, so that a single vehicle can barely pass through and no team or vehicle can turn around and two teams can not pass each other; said narrow pass extends for two blocks, from San Antonio Street to Church Street, and the remainder of the said two blocks distance of the said street is entirely occupied by the said embankment and railroad tracks. On the other side of said railroad there is a narrow pass from San Antonio Street southeastward for about half a block, and on said side all the remainder of said street is occupied by said railroad. The plaintiff and the public generally have been deprived of the use of the said street, and said tracks and embankments constitute a nuisance and depreciate the real and market value of her said property to the amount of $2000, and damage plaintiff and her property to the amount of $2000.

"3. That about a year ago, a more definite time the plaintiff can not give, the defendant changed some of its sidetracks and switches on said Hill Street, at and near the plaintiff's said property, making the said railroad with its appurtenances a public nuisance and a nuisance to the plaintiff and her property, so that since that time, which seldom or never occurred before, while operating the said street as a switchyard, the heavy locomotive engines of the defendant are standing directly in front of plaintiff's property, not more than thirty feet distant, and the said locomotives at said place move back and forth, starting and stopping heavy trains, switching cars around about, which continues night and day with short intervals of intermission. That since the said sidetracks and switches have been put into their present position, which is about a year, and which seldom or never occurred before, the said engines throw vast quantities of smoke, steam and dirt on the plaintiff's said property, and into the residences and houses situated thereon; they disturb the inhabitants in said houses on said property with loud and disagreeable noises, from the emission of steam, humming and puffing of the engines, rattling of the cars, and other sources. That from the engines starting and stopping heavy trains in front of plaintiff's said property, within thirty feet therefrom, and from the roaring and vibrating of the engines, the slamming together of the cars, and from the operation of the said switchyard generally and other acts of defendant, the earth of plaintiff's property quakes and vibrates, cracking the walls and window glasses of the buildings thereon, and rendering the property practically unfit for residence purposes, making the premises unsafe and entailing great expense in repairing the buildings and depreciating the real value and market value of the, said property in the sum of $2000, to the plaintiff's further damage in the sum of $2000. That before the said change in the said sidetracks and switches was made, the smoke and vibrations and other annoyances on said property were very slight, engines were seldom close in front,

and the said changes caused the aforesaid injuries and damage to the said amount of $2000.

"4. That in front of plaintiff's premises, the defendant originally constructed a stone wall for the side formation of the said embankment, so as to keep the dirt from falling into the aforesaid narrow passway. That within the last two years the defendant has thrown dirt over the said walls, and permitted the said walls to become out of repair and filled dirt over them, so that dirt falls into said narrow passway in said street in front of plaintiff's premises, which makes that passway practically impassible, and produces such mud and slush, so that the said passway can not be used for long intervals of time, even for a team to pass or to approach plaintiff's property. Said dirt mars the beauty of the said property, produces disagreeable and sickly stenches, and practically destroys the use of the said narrow pass and impairs its usefulness and depreciates the real and market value of the plaintiff's property to the further injury of the plaintiff in the further sum of $500.

"5. That during the last ten years, the defendant has permitted its ditches under its said railroad and along its said railroad on said Hill Street to become partly filled up, grown up with weeds and grass and get out of repair, which ditches are the only way for the surface water to escape. That by the construction of the said embankment and building of the said railroad tracks, the defendant had caused the surface water to flow together and accumulate on and near the premises of the plaintiff. The surface water which formerly flowed in channels and gutters down San Antonio Street and down and across Hill Street, without coming near the plaintiff's property, on account of said embankment said water accumulates in said narrow pass on Hill Street and floods plaintiff's premises, enters her house, injures and rots the foundation of her buildings and injures said premises generally, and makes. them unfit for resident purposes, and defendant has wrongfully and negligently made no adequate means for the escape of said surface water, which is thus caused to accumulate, depreciates the real and market value of the plaintiff's property to the amount of $1000, to the plaintiff's further damage in the sum of $1000.

"6. That the plaintiff planted shade trees along her said property along Hill Street, along the edge of the sidewalk and street. After a great many years of care and attention, the said trees, which added to the beauty of the place, to some extent overcame the hideous appearance of said railroad along said place, to some extent obstructed the smoke, dirt, noises from said railroad to enter said property so readily and made said property shady and cooler, and added much to its usefulness and desirability as residence property. That in the beginning of August, 1903, the defendant, its servants and agents injured and mutilated said trees, and cut off the limbs on one side of said trees, split down the stubs of said trees in a horrible manner, so as to injure the remainder of the tree. Some limbs were partially cut and were torn down and left hanging on the trees. The aforesaid injuries and

mutilations of the said trees gave the trees an ugly, one-sided and unsymmetrical appearance which greatly injured the appearance and value of the said property; it makes the trees less dense, they give less shade, and their usefulness and value to the aforesaid property is much diminished. The splitting of the stubs of the limbs will injure the growth of said trees, and together with the one-sided cutting and mutilations aforesaid will permanently give them an ugly appearance and permanently injure said trees and their value and usefulness to said property, and depreciates the real and market value of the said property $250, to the plaintiff's damage in the sum of $250.

"7. Each of the aforesaid injuries to the plaintiff's property is of a permanent character and a nuisance. The plaintiff has on her said property three residences, which were there long before said railroad was built. That the wrongs of the defendant as aforesaid have made the said residences practically unfit for resident purposes. That on account of the noises, jarring, vibrations and other wrongs and annoyances aforesaid, the inhabitants can not enjoy any quiet or comfort, that they can not sleep by night, and if one gets sick, it is impossible for him to remain there, and the furniture, clothing and other property in said houses becomes dirty and ruined. All the plaintiff's damage as aforesaid amounts to $5750."

Plaintiff's trial amendment alleges: "That the city of New Braunfels has given plaintiff and all other property owners permission to plant trees along the edge of the sidewalk and street, and the property owners in said city have planted such trees along the lines of the sidewalk and street ever since the city has been established, and the said city and its authorities never objected thereto and always knew this and acquiesced therein, and silently consented thereto. That it is a general usage and custom in said city to plant trees along the line of sidewalk and streets, which custom has been acquiesced in and encouraged by the city and its authorities and was never objected to. That by virtue of the aforesaid facts and the ownership of the property, the plaintiff has a right to plant and maintain said trees along the lines of the sidewalk and street in front of her property, and the defendant has no right to injure or destroy the same. That if the trees did need trimming to prevent interference with the defendant's property, which is not admitted but denied, defendant did not trim them with care and skill, but negligently and wrongfully injured the same.

"Plaintiff's said property is her homestead, and she resides in one of the houses on the said premises, and she has suffered all the inconveniences and annoyances alleged in plaintiff's pleadings, the same as the other inhabitants in said buildings.

"That about six or seven years ago, a more specific time plaintiff can not give, defendant placed and constructed a railroad track on said street, where no such track was before, in the same manner and to the same injury of the plaintiff and her property as alleged concerning the

other railroad tracks, which obstructed said street and destroyed and injuriously affected its usefulness as a public street, depreciating the real and market value of the plaintiff's property $100, to her further damage in said amount."

It will be noted that a recovery is sought in said petition for several distinct items of damage, and that the petition itself characterizes each of the elements of damage as permanent, and upon that theory the depreciation in the value of the property is in each case made the measure of damages.

Some of the items stated clearly appear to be subject to the bar of limitation. It does not appear from the pleadings that the defendant had any further right to use the street adjoining plaintiff's property than such prescriptive right as would be held by a party under the facts alleged by the plaintiff. These facts, however, in our judgment show that the damages claimed in the second and third paragraphs of said petition might have been recovered in solido at the time when said railroad first occupied said street with its tracks; and that the damages claimed in the last paragraph of said trial amendment might also have been recovered at the time the alleged change was made enlarging their occupancy of said street. This is clearly the case with reference to the damages claimed in the second paragraph, and while this conclusion is not so clear with reference to the items alleged in the third paragraph, yet we have concluded that, inasmuch as the damages claimed in said paragraph 3 appear to have resulted not from a change in the location of the road itself as it is constructed next to appellant's premises, but rather from an increased use of the road as originally constructed at that place, that the permanent damages claimed in this paragraph might have been recovered by appellant at the time of the original construction of said road.

We think it is also clear that the exception should have been sustained to the items alleged in the fifth paragraph of said petition. The injuries there claimed are for permanent damages to the premises by reason of the diversion of surface water, and the allegations show that this damage occurred more than two years prior to the institution of this suit.

We are of opinion, however, that the fourth and sixth paragraphs of said amended petition, taken in connection with the allegations of said trial amendment, and also the last paragraph of said trial amendment, set up items of damage which do not appear to be barred by limitation. They appear to arise from a use of a portion of the street not acquired by appellee under its prescriptive right. The right acquired by prescription in such cases would, of course, be limited to the extent to which that right had been exercised during the prescriptive period.

The fourth paragraph shows that the damages therein claimed resulted from the occupancy and use of a portion of said street which had not been occupied by appellee for more than two years prior to the institution of this suit; and also the acts alleged to have been done in

the sixth paragraph of said petition appear to have been done within one year prior to the filing of this suit.

With reference to the cause of action alleged in said paragraph 6, we do not, of course, intend to hold that appellant would have a right to interfere with the proper exercise of such rights as the appellee may have acquired by prescription to operate its road in said street. It does not, however, affirmatively appear from the petition that the trees planted by appellant would interfere with these rights of the appellee, but the allegations present a case of unwarranted injury sustained by appellant to her property by the damage of said trees.

For the errors mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*