PETER FORTUNE

*v.*

WILLIAM J. ENGLISH.

*Opinion filed February 21, 1907—Rehearing denied April 11, 1907.*

1. LIMITATIONS—*mere silence is not "concealment" of a cause of action.* Fraudulent concealment of a cause of action, within the meaning of section 22 of the Statute of Limitations, where the original basis of the action is not fraud, must consist of affirmative acts and representations designed to prevent, and which do prevent, discovery of the cause of action, and mere silence is not such concealment.

2. PLEADING—*replication to plea of the statute must set out the facts.* A replication designed to set up fraudulent concealment of the cause of action as overthrowing the defendant's plea of the Statute of Limitations must set out such facts and circumstances as amount, in law, to a fraudulent concealment of the cause of action by the defendant, otherwise it is open to demurrer.

3. SAME—*when replication does not show concealment of cause of action.* In an action against the plaintiff's former attorney for negligence in examining an abstract of title, a replication to the defendant's plea of the Statute of Limitations which avers that the defendant, when suits were brought to foreclose encumbrances, represented to the plaintiff that the real estate was not subject to the encumbrances and that foreclosure could be defeated, does not show a fraudulent concealment of plaintiff's cause of action against such

defendant, where it does not aver that the defendant concealed any fact or did anything to prevent plaintiff from ascertaining any fact upon which the cause of action depended, or that the defendant knew that his opinion was contrary to the law.

4. ATTORNEY AND CLIENT—*what is not fraudulent concealment of cause of action.* Fraudulent concealment of a cause of action against an attorney in favor of his client may be accomplished by a misrepresentation by the attorney as to the law applicable to the facts, knowingly made for the purpose of deceiving the client; but while the relation of attorney and client requires a full disclosure by the attorney of all matters within the scope of his employment it does not require him to volunteer the information that the client has a cause of action against him, and his mere silence upon that point is not fraudulent concealment.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. O. BROWN, Judge, presiding.

ALEXANDER SULLIVAN, and FRANK L. KRIETE, (H. T. GILBERT, and CARROLL C. BOGGS, of counsel,) for appellant:

Actual fraud which involves moral turpitude, or the breach of a confidential relation which has the effect to prevent the party from beginning his action by concealing from him the existence of the cause of action, is a fraudulent concealment within the meaning of section 22 of our Limitation act. 19 Am. & Eng. Ency. of Law, 248.

Fraudulent concealment of causes of action under the saving clause in a statute of limitation such as section 22 of our statute, may be accomplished by misrepresentation of the state of the law or of legal rules and principles, if made by one occupying a confidential relation, such as attorney and client, with intent to keep the client ignorant of the existence of his cause of action. *Hickman* v. *Hickman,* 46 Mo. App. 506; *Tompkins* v. *Hollister,* 60 Mich. 480.

Misrepresentation as to the state of the law or the legal rights of the client, falsely made by an attorney for the purpose of concealing from the client a cause of action in favor

of the client and against the attorney, is a fraudulent conceal-
ment of the cause of action; and this is true though the facts
out of which the cause of action arose are equally as well
known to the client as to the attorney. 19 Am. & Eng. Ency.
of Law, 255; *Tompkins* v. *Hollister*, 60 Mich. 480; *Hick-
man* v. *Hickman*, 46 Mo. App. 506.

A cause of action may be fraudulently concealed by a line
of conduct adopted and executed by the defendant. 19 Am.
& Eng. Ency. of Law, 242.

KRAUS, ALSCHULER & HOLDEN, for appellee:

The causes of action alleged to have arisen from the ad-
vice or acts of the defendant in the real estate deal accrued at
the time the same was closed. The causes of action alleged
to have arisen out of the advice alleged to have been given
when the foreclosure suit was commenced accrued at the time
of giving such advice. This is true in each instance, regard-
less of mere ignorance on the part of the plaintiff of the ex-
istence of the cause of action. *Bank* v. *Waterman*, 26 Conn.
324; *Lilly* v. *Boyd*, 72 Ga. 83; *Crawford* v. *Gaulden*, 33 id.
174; *Rhines* v. *Evans*, 66 Pa. St. 192; *Northrop* v. *Hill*,
57 N. Y. 351; *Short* v. *McCarthy*, 3 B. & C. 263; *Brown*
v. *Howard*, 4 Moore, 408; *Wilcox* v. *Exrs. of Plummer*, 4
Pet. 172; *Battley* v. *Faulkner*, 3 B. & A. 288; Weeks on
Attorneys, (2d ed.) sec. 320, p. 638; *Pennsylvania Co.* v.
*Railway Co.* 144 Ill. 197.

A legal opinion on conceded facts and without suppres-
sion or concealment of any facts does not amount to fraudu-
lent concealment of a cause of action. *Holcomb* v. *Boynton*,
151 Ill. 294.

A false statement denying liability, directly or indirectly,
does not amount to a fraudulent concealment. *Rouse* v.
*Southard*, 39 Me. 404; *Jackson* v. *Buchanan*, 59 Ind. 390;
*Sanborn* v. *Gale*, 162 Mass. 42; *Wynne* v. *Cornelison*, 52
Ind. 312; *Mereness* v. *Bank*, 112 Iowa, 11.

The defendant, at the time of the foreclosure suit, was retained to advise plaintiff only as to that suit, and was under no duty or obligation to advise the plaintiff as to his rights against the defendant himself. *Gott* v. *Brigham,* 41 Mich. 227; *Moore* v. *Juvenal,* 92 Pa. St. 484.

Section 22 of the Statute of Limitations is merely declaratory of the very different and limited rule of *Campbell* v. *Vining,* 23 Ill. 473, that where there is a fraudulent cause of action concealed at and from the time of its inception, by fraud, the statute does not commence to run until discovery. *Beattie* v. *Nickerson,* 73 Ill. 605.

This general rule does not contemplate the interruption of the running of the statute against a cause of action which was not fraudulent in its inception, by the subsequent commission of some act of concealment. *Sherwood* v. *Sutton,* 5 Mason, 143; *Conyers* v. *Kenans,* 4 Ga. 315; Angell on Limitations, 186, 187.

Means of knowledge is equivalent to knowledge, and matter of record is presumed known. Hence knowledge on the part of the plaintiff of the state of his title, from its inception, is presumed. *Norris* v. *Haggen,* 136 U. S. 386; *Walker* v. *Soule,* 138 Mass. 570.

The defendant's assertion that plaintiff had a defense in the foreclosure suit cannot operate as an estoppel on defendant, to assert that the statute was running against plaintiff on the claim of plaintiff against defendant. 11 Am. & Eng. Ency. of Law, 387, 388, 434, 436; *Wright* v. *Stice,* 173 Ill. 571; *Holcomb* v. *Boynton,* 151 id. 294; *Gillespie* v. *Gillespie,* 159 id. 84.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action on the case brought by appellant in the circuit court of Cook county to recover damages alleged to have resulted from negligence of the appellee in the performance of his duties as attorney at law under an employment

as such by the appellant. The declaration alleged, in substance, that the plaintiff having contracted to purchase from Emma A. Leahy certain real estate in Cook county in fee simple and unencumbered for $22,000, employed the defendant, as an attorney at law, to examine the title to said real estate, and if it proved to be a good title in fee simple and unencumbered, to cause such title to be conveyed to plaintiff, but the defendant neglected his duty in that behalf, and on December 2, 1889, negligently and wrongfully caused and procured plaintiff to pay the purchase price for said real estate and accept a deed therefor when in fact the real estate was subject to encumbrances, secured by trust deed, amounting to $12,000; that the holders of the said encumbrances thereafter commenced foreclosure proceedings, and notwithstanding defendant exercised all due care and diligence in the defense thereof, he was compelled to pay the encumbrances, with interest, amounting to $16,522.70, and costs and expenses amounting to $5600. There was much pleading which it is not necessary to state. The declaration finally consisted of original counts 1, 2, 3 and 4, amended additional counts 5, 6, 7 and 8, and additional counts 9 and 10. Demurrers were sustained to the amended additional counts 5, 6, 7 and 8, and plaintiff elected to stand by them. To the other counts pleas were filed of not guilty, the Statute of Limitations of five years and the Statute of Limitations of ten years. Replications to the pleas of the Statute of Limitations were filed and demurrers were sustained thereto, whereupon the plaintiff elected to abide by his replications and there was a final judgment for the defendant. Plaintiff appealed to the Appellate Court for the First District, and the branch of that court affirmed the judgment.

A decision as to the sufficiency of the amended fourth replication of the plaintiff to the second plea of the defendant to counts 1, 2, 3 and 4 of the declaration will be decisive of the case. That replication was intended to set up a fraudulent concealment of the cause of action by the de-

fendant under section 22 of chapter 83, Revised Statutes of 1874, concerning limitations, which is as follows: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards." Under that section, if the defendant fraudulently concealed the cause of action alleged in the declaration from the knowledge of the plaintiff, and the plaintiff discovered the same within five years before the action was commenced, the Statute of Limitations would not apply. To meet the requirement of the statute in a case like this, where the original basis of the action is not a fraud, there must be something of an affirmative character designed to prevent, and which does prevent, a discovery of the cause of action. Mere silence by a person liable to an action is not concealment of the cause of action, but such concealment must consist of affirmative acts or representations. *Wood* v. *Williams,* 142 Ill. 269; *Parmelee* v. *Price,* 208 id. 544; 19 Am. & Eng. Ency. of Law, (2d ed.) 253.

The facts averred in the replication under consideration are, that plaintiff was unlearned in the law and unable to determine for himself the matters in the declaration and replication mentioned; that defendant, for hire and reward, was employed by plaintiff to advise and direct him with respect to such matters; that plaintiff was and remained ignorant until December 9, 1899, of the committing by the defendant of the grievances in the declaration mentioned; that on September 11, 1893, within less than five years after the cause of action arose, the holders and owners of the promissory notes in the declaration mentioned instituted in the circuit court of Cook county a suit against the plaintiff and other persons to subject the real estate to sale for the payment of the amount due on said notes; that plaintiff retained and employed the defendant, for hire and reward, to

investigate said suit and the questions of law and fact connected therewith and bearing upon the rights and liabilities of the plaintiff with respect to the promissory notes, trust deed and real estate, and to direct plaintiff as to the course to be pursued with respect to the same; that defendant, well knowing that he had been guilty of committing the grievances in the declaration mentioned and that a cause of action had arisen against him on account thereof and that plaintiff was ignorant thereof, and craftily and fraudulently intending to conceal from the plaintiff the committing of said grievances and to prevent plaintiff from bringing suit withn five years after the committing of said grievances, falsely and maliciously represented to the plaintiff that the plaintiff was the owner in fee simple of the real estate free from all encumbrances and could successfully defend the suit and defeat the claims of the complainants therein, and that plaintiff, relying upon the truth of said representations and acting under the direction and advice of the defendant, defended the suit until December 9, 1899, when it was finally decided adversely to him, until which time he was ignorant of the committing of the grievances in the declaration mentioned.

It is a general rule of pleading that the facts upon which the court is required to state the law shall be alleged, (Gould's Pl. chap. 3, sec. 120; 1 Shinn's Pl. & Pr. sec. 475;) and in a replication to a plea of the Statute of Limitations it is necessary that the facts constituting the fraud shall be clearly stated. (*Beatty* v. *Nickerson,* 73 Ill. 605; 13 Ency. of Pl. & Pr. 246.) The replication must set out facts and circumstances which amount, in law, to a fraudulent concealment by the defendant of the cause of action, and if it fails to set out such facts as in the law constitute such fraud it will be bad on demurrer. This replication contains no averment that the defendant concealed from the plaintiff any fact or did anything to prevent plaintiff from ascertaining any fact upon which the cause of action depended, either by affirmative act or any scheme or device to

prevent inquiry. If there was any fraudulent concealment it related to matter of law, and consisted in the representation that the real estate was not subject to the encumbrances and that plaintiff could successfully defend the foreclosure suit. Although all persons are presumed to know the law, it is undoubtedly true that where the relation of attorney and client exists a fraudulent concealment of the cause of action by the attorney may be accomplished by a misrepresentation of the state of law or the legal rules or principles applicable to the facts, knowingly made for the purpose of deceiving the client. While that relation requires a full disclosure by the attorney of all matters within the scope of his employment, it does not require him to volunteer information to his client that his client has a cause of action against him. The pleading is to be construed most strongly against the pleader, and the replication wholly fails to aver that the defendant knew the contrary to his representation to be the law. There is no distinct or clear averment that the opinion rendered by defendant as to the legal rights of the plaintiff was known by defendant to be false, and for aught that appears it may have been an incorrect opinion resulting from want of knowledge. The words "craftily," "fraudulently," "falsely" and "maliciously" are of no avail in the absence of averments of facts to which they properly apply. The replication fails to show any misrepresentation of any character as to any fact, or any false or fraudulent misrepresentation as to the state of the law or the legal rights of the plaintiff arising out of the facts, and the court was therefore right in sustaining the demurrer.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*