## NIX v. ELLIS COUNTY et al.

### No. 1733.

Court of Civil Appeals of Texas. Waco.

March 19, 1936.

Rehearing Denied April 16, 1936.

W. Goodwin Sweatt, J. L. Gammon, and J. T. Spencer, all of Waxahachie, for appellant.

Archie D. Gray, of Houston, and Forrester Hancock, of Waxahachie, for appellees.

ALEXANDER, Justice.

During the year 1931 and continuously since that time R. E. Nix owned a block of land in the city of Waxahachie fronting on Madison street on the north and on Elm street on the east. During said year the state highway department of Texas, in the building of one of its state highways, with some financial aid from Ellis county and the city of Waxahachie, constructed a viaduct along Elm street in front of Nix's property in such manner as to partly obstruct the means of ingress and egress to and from said property. On May 22, 1933, Nix brought this suit against Ellis county and the city of Waxahachie to recover the damages occasioned to his property by reason of the construction of said viaduct. Among other things, the defendants plead the two years' statute of limitation. The case was submitted to the jury on special issues, in response to which the jury found that neither the county of Ellis nor the city of Waxahachie employed or procured the state highway department of Texas to construct the viaduct in question; that plaintiff's property did not suffer any depreciation in its reasonable market value by reason of the construction of the viaduct, and that the portion of the viaduct adjacent to plaintiff's property was substantially constructed prior to May 22, 1931. Upon these findings, judgment was entered for the defendants. The plaintiff appealed.

The suit was not filed until May 22, 1933, and if the viaduct adjacent to plaintiff's property was substantially constructed prior to May 22, 1931, as found by the jury, appellant's cause of action for the damages occasioned by reason of the obstructing of the entrance to his property was barred by the two years' statute of limitation, and the court properly entered judgment for appellees. 16 Tex.Jur. 969, § 295; 28 Tex.Jur. 149, § 66; Lyles v. Texas & N. O. Ry. Co., 73 Tex. 95, 11 S.W. 782. Appellant contends that the evidence is insufficient to support the jury's finding on this issue. The only testimony introduced pertinent to the issue was that of the resident engineer of the state highway department in charge of the construction of the viaduct in question. He testified that the work was begun on the job February 12, 1931, and the viaduct finally completed December 4, 1931; that the part of the viaduct in front of appellant's property which was described as being "the filling to the approach" was completed by May 1, 1931.

No evidence was offered tending to contradict the testimony of this witness. This evidence was sufficient to support the finding of the jury.

Since under this finding, appellant's cause of action was barred by limitation and he was not entitled to recover, it is not necessary for us to discuss other assignments not pertinent to this issue.

The judgment of the trial court is affirmed.